


**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 10, 2004

Benjamin D. Entine, Esq.
77 Franklin Street
Boston, MA 02110

    Re:  <u>United States v. John W. Schurko</u>
          Criminal No. 03-10335-MLW

Dear Mr. Entine:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant John W. Schurko ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   <u>Change of Plea</u>

    On or before December 17, 2004, Defendant shall sign this agreement, and as soon thereafter as scheduled by the Court, shall plead guilty to the one-count superseding indictment in this case, charging him with armed bank robbery in violation of 18 U.S.C. §2113(d). Defendant expressly and unequivocally admits that he in fact committed the crime charged in the indictment, and is in fact guilty of the charged offense. Upon imposition of sentence in this case, the U.S. Attorney agrees not to prosecute Defendant for any Hobbs Act robberies or bank robberies that occurred before September 3, 2003, the date of the bank robbery charged in this case, and which did not involve serious bodily injury or death. Additionally, upon imposition of sentence in this case, the U.S. Attorney for the District of Maryland agrees not to prosecute Defendant for any Hobbs Act robberies or bank robberies that occurred before September 3, 2003, the date of the bank robbery charged in this case, and which did not involve serious bodily injury or death.

2. <u>Penalties</u>

Defendant faces the following maximum penalties: twenty-five years in prison, $250,000 fine, five years of supervised release, and a mandatory $100 special assessment.

3. <u>Sentencing Guidelines</u>

The parties have no agreements concerning the United States Sentencing Guidelines, except as provided herein.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, and if the United States Sentencing Guidelines are applicable at the time of sentencing, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

2

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Incarceration for 188 months;

(b) No fine;

(c) Restitution of $2,656;

(d) Mandatory special assessment of $100;

(e) Supervised release of three years, with special conditions relating to mental health and substance abuse treatment.

Defendant reserves the right, if the United States Sentencing Guidelines are applicable at sentencing, to seek a departure from the other wise applicable guideline sentencing range. Defendant also agrees to provide written notice to the U.S. Attorney of the grounds and basis for any such motion at least 14 days before sentencing. The U.S. Attorney expressly reserves, if the United States Sentencing Guidelines are applicable at sentencing, the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement.

3

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Restitution

Defendant agrees that the $3,420 dollars seized from him by law enforcement officers on September 3, 2003 is proceeds from the robbery of that date of the Danvers Savings Bank, as charged in the indictment in this case. Defendant agrees that $3,420 should be returned to the Danvers Savings Bank at the conclusion of this case and acknowledges that the restitution amount to be contained in the judgment in this case, $2,656, reflects the total amount taken during the robbery of the Danvers Savings Bank, reduced by the $3,420 to be returned to the bank as stated herein.

8. Civil Liability

By entering into this Agreement, the U.S. Attorney does not

4

compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities, except as specifically agreed and provided in paragraph 1.

12. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy Q. Feeley.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

TIMOTHY Q. FEELEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty

and I believe this Agreement is in my best interest.

*[signature: John Schurko]*
JOHN W. SCHURKO
Defendant

Date: 12-17-04

I certify that John W. Schurko has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature: Benjamin D. Entine]*
Benjamin D. Entine, Esq.
Attorney for Defendant

Date: 12/17/04