March 15, 2009

To Honorable Chief Judge Wolf;

FILED
CLERKS OFFICE
2009 MAR 20 P 12:41

I am writing to you, once again, in regards to my restitution being paid upon my release. See May 25, 2005, Restitution Order.

As you know from my previous letter, the original Restitution Order and sentencing transcripts were not sufficient to stop the BOP from forcing me to pay restitution, now rather than upon my release.

Thereafter you issued, a new Order restating your position that I was not to pay Restitution until released.

On March 5, 2009, I gave said order to Case Manager Welch and asked her to take care of it.

On March 9, 2009, said case manager said everything was squared away; but, on March 10, 2009, a restitution payment was once again deducted from my inmate account.

Thereafter, I talked to Case Manager Welch and she said that the money would be put back on the next day.

To date said money has not been returned to me.

Therefter, I informed said case manager that I was writing a letter to you in regards to BOP's deliberate and repeated violations of the Restitution Order.

To which said case manager said sarcastically "Good, tell him I said Hello!"

NOTE: From my end it looks as if the BOP has no intention, now or in the future, of honoring your Restitution Order and will continue to make me pay restitution while incarcerated rather than upon release.

In short, the BOP and its employees think they are a law unto themselves.

I would really appreciate your help in bring the BOP to bay.

As it stands, I have NO phone money to contact my family.

FOR YOUR INFORMATION: I have paid the Special Assessment Fee and have not had any trouble or write-ups since coming back to Otisville.

The bad news is, I am NOT receiving, nor am I likely to receive, mental health treatment on a regular basis.

Since, my incarceration, I have been trying to change but it is hard with no regular mental heath treatment, no way to learn a trade, and have to do more time because of my cooperation.

Specifically, Wit-Sec prisoners, by virtue of their Wit-Sec status, are DENIED going to halfway houses; hence, they have to do more time, up to a year more!

I personally believe that the prosecutor has a duty to inform both the court and the defendant of said fact PRIOR to sentencing so that the court can adjust the sentence to compensate for NO halfway house placement.

Thank you for your time and trouble.


Respectfully Yours;

*John Schurko*
John W Schurko, 25441-053